**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES NAPITUPULU, | No. 08-73607 |
| Petitioner, | Agency No. A078-020-259 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:      PREGERSON, THOMAS, and PAEZ, Circuit Judges.

James Napitupulu, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and remand.

Substantial evidence supports the agency's finding that Napitupulu's mistreatment by Muslims, even considered cumulatively, did not rise to the level of persecution. *See Singh v. INS*, 134 F.3d 962, 965-69 (9th Cir. 1998) (repeated stoning and vandalism of petitioner's home did not compel finding of past persecution).

The BIA found that, even assuming Napitupulu had established past persecution on account of his Christian religion, his presumption of a clear probability of persecution was rebutted because he reasonably could relocate within Indonesia. In reaching this conclusion, the BIA did not apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Intervening case law holds the disfavored group analysis applies to Christians in Indonesia. *See Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010). Because the agency did not have the benefit of our decisions in *Wakkary* and *Tampubolon*, we remand for the BIA to assess Napitupulu's withholding of removal claim under the disfavored group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

2                                                                08-73607

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**